OPINION
The defendant-appellant, Gerald Lee Murphy ("the appellant"), appeals the decision of the Wyandot County Court of Common Pleas adjudicating him to be a sexual predator pursuant to the provisions of R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
In August 1992, the appellant was indicted by the Wyandot County Grand Jury on one count of aggravated burglary, in violation of R.C.2911.11(A)(1), and one count of attempted rape, in violation of R.C.2923.02(A) and R.C. 2907.02. On or about January 11, 1993, the appellant pleaded guilty to one count of aggravated burglary, a felony of the first degree, and one count of attempted rape, a felony of the second degree. The trial court accepted the appellant's guilty pleas and sentenced him to a term of imprisonment of seven (7) to twenty-five (25) years for the charge of aggravated burglary, and seven (7) to fifteen (15) years for the charge of attempted rape. The trial court ordered the sentences to run concurrently.
While serving his term of imprisonment, the Ohio Department of Rehabilitation and Correction recommended that the appellant be classified as a sexual predator pursuant to the provisions of R.C. Chapter 2950. A sexual predator classification hearing was held on September 12, 2000, in the Wyandot County Court of Common Pleas. At the conclusion of the hearing, the trial found the appellant a sexual predator pursuant to the criteria set forth in R.C. Chapter 2950. The trial court's decision adjudicating the appellant a sexual predator was journalized on September 21, 2000.
The appellant now appeals, asserting two assignments of error for our review. Because the appellant's assignments of error are interrelated, we will address them simultaneously.
 Assignment of Error No. I
The sentencing court erred by finding Defendant to be a sexual predatorwithout the requisite clear and convincing evidence that Defendant islikely to engage in the future in one or more sexually orientedoffenses.
 Assignment of Error No. II
The sentencing court erred by finding Defendant to be a sexual predatoron the basis that Defendant failed to present evidence that he was at alow risk for reoffending.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(B)(3) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469.
In the case before us, it is undisputed that the appellant pleaded guilty to and was convicted of one count of attempted rape. The offense of attempted rape qualifies as a "sexually oriented offense" under R.C.2950.01(D)(1) and (D)(7). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
The facts of the offense upon which the sexual classification hearing was predicated are as follows. On the morning of July 31, 1992, the appellant forcibly entered the home of the victim, whom he did not know, proceeded to her bedroom, and attempted to rape her. According to Donald Meyers, the investigating police officer, the victim awoke to find the appellant standing at the foot of her bed. The victim asked the appellant "What do you want?" to which the appellant responded "Pussy." The appellant climbed onto the victim's bed and attempted to tie the victim's hands together. A struggle ensued in which the appellant struck the victim numerous times in the face and head. The appellant eventually abandoned the attack and retreated from the victim's home.
At the sexual classification hearing, the trial court reviewed all of the testimony, other evidence, and the factors set forth in R.C2950.09(B)(2) in reaching its determination that the appellant was likely to engage in the future in one or more sexually oriented offenses. In support of a finding of sexual predator status, the trial court considered the particular cruelty of the crimes and the nature of the appellant's conduct toward the victim during the commission of the offense. The trial court also considered the age of the victim as well as the appellant's past criminal record, which consists of offenses including shoplifting, assault, theft, forgery, receiving stolen property, and attempted misuse of a credit card. In the face of the foregoing, the only relevant evidence the appellant presented to the trial court to rebut the obvious inferences of the foregoing was that he had completed a sexual offender rehabilitation program during his incarceration.
In his brief, the appellant asserts that the evidence adduced at the hearing does not prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. The appellant sets forth several arguments in support of his position.
Initially, the appellant argues that the trial court improperly utilized the factors set forth in R.C. 2950.09(B)(2). The appellant maintains that the underlying purpose of Megan's Law is to protect children. Therefore, the trial court should not have considered the age of the victim, a forty year-old woman, a recidivism factor. At the sexual predator classification hearing, the trial court stated as follows:
 COURT: The, uh, Court considering the evidence and arguments presented by the parties, now makes the following findings of fact; that the offender was a young man, and is still a young man when this crime occurred, and while his victim, to some of us may not have been of advanced age, uh, to someone at his age at that time, uh, he was certainly taking advantage of an older individual. [sic]
 The appellant also argues that the factors set forth in R.C. 2950.09(B)(2) provide very little guidance to the trial court on how to determine whether a sex offender should be classified as a sexual predator. Specifically, the appellant asserts that the statute fails to specify how much weight each factor is to receive and how each factor is to be considered by the trial court.
The trial court's decision to give weight to the age of the victim in this case was unusual. We cannot say, however, that the decision to do so materially affected the outcome of the classification hearing. We also find unpersuasive the appellant's argument that the factors set forth in R.C. 2950.09(B)(2) provide no standard from which to determine whether a person is a sexual predator. Such factors may be weighed either in favor of or against the offender depending on the facts of each case. The factors of R.C. 2950.09(B)(2) give the trial court the flexibility necessary to determine whether an offender is a sexual predator on a case-by- case basis. See, e.g., State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported. For the foregoing reasons, we find no merit to the appellant's arguments.
The appellant next argues that the trial court erred in finding that he is likely to engage in the future in one or more sexually oriented offenses because the trial court shifted the burden of proof to him to prove that he is not a sexual predator. Specifically, the appellant asserts that the trial court placed the burden of proof upon him to show a low likelihood of recidivism.
A review of the transcript of the sexual classification hearing as well as the trial court's judgment entry reveals otherwise. At the hearing and within the trial court's judgment entry, the trial court merely inferred that the appellant had failed to present evidence to rebut the State's evidence that he was likely to engage in the future in one or more sexually oriented offenses. The trial court did not shift the burden of proof on this issue to the appellant. Therefore, we find no merit to the appellant's argument.
In conclusion, based upon our review of the record and the relevant factors contained in R.C. 2950.09(B)(2), we find that the trial court had adequate evidence before it from which to determine by clear and convincing evidence that the appellant is a sexual predator. For all the foregoing reasons, we find no merit to the appellant's assignments of error.
Accordingly, the appellant's assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.